# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WAVERLY LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GRANITE RIVER LABS INC.,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Waverly Licensing LLC ("Plaintiff"), through its attorneys, complains of Granite River Labs Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Waverly Licensing LLC is a limited liability company with its principal place of business at 3333 Preston Road STE 300 #1095, Frisco, TX 75034.

2. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 3500 Thomas Road Suite A, Santa Clara, CA 95054. Upon information and belief, Defendant may be served with process c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and Defendant is incorporated in in this District. In addition, Plaintiff has suffered harm in this district.

### PATENT-IN-SUIT

7. On March 2, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 10,938,246 (the "'246 Patent"), entitled "METHOD AND APPARATUS FOR CHARGING A BATTERY – OPERATED DEVICE" after a full and fair examination. The '246 Patent is attached hereto as Exhibit 1 and incorporated herein as if fully rewritten.

8. Plaintiff is presently the owner of the '246 Patent, having received all right, title and interest in and to the '246 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '246 Patent, including the exclusive right to recover for past infringement.

9. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

### COUNT 1: INFRINGEMENT OF THE '246 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has directly infringed one or more claims of the '246 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count

below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '246 Patent also identified in the charts incorporated into this Count below (the "Exemplary '246 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '246 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendants also have directly infringed, literally or under the doctrine of equivalents, the Exemplary '246 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing the Exemplary '246 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '246 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '246 Patent Claims.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement.

**JURY DEMAND**

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.   A judgment that the '246 Patent is valid and enforceable;

B.   A judgment that Defendants have infringed, one or more claims of the '246 Patent;

C.   An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' infringement with respect to the '246 patent;

E. And, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 31, 2022

Respectfully submitted,

CHONG LAW FIRM PA

*/s/Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**
**Waverly Licensing LLC**